```
JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Defendants, Honorable Bonnie J. Mizdol,
P.J.Fam., Honorable Margaret Foti, J.S.C., Governor Christopher
James Christie, and Prosecutor John L. Molinelli.

By:  Kristen N. Collar
     Deputy Attorney General
     (609) 292-6123
     Kristen.Collar@dol.lps.state.nj.us
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| DENNIS MAZZETTI,<br><br>　　　　Plaintiff,<br>v.<br><br>THE NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY, CHRISTOPHER JAMES CHRISTIE, LISA VON PIER, ALLISON BLAKE, BONNIE J. MIZDOL, MARGARET FOTI, VIRGINIA A. LONG, ELLEN BUCKWALTER, JOHN L. MOLINELLI, KIMBERLY ROBERTS, ERICA ZAPATA, and JOHN DOES 1-15,<br><br>　　　　Defendants. | HON. KEVIN MCNULTY, U.S.D.J.<br><br>Civil Action No. 2:14-cv-08134-KM-MAH<br><br><u>Civil Action</u><br><br>**CERTIFICATION OF COUNSEL IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT PURSUANT TO FED. R. CIV. P. 55(C), AND FOR A THIRTY DAY EXTENSION OF TIME IN WHICH TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)**<br><br>**(Electronically Filed)** |

I, Kristen N. Collar, of full age, hereby certify:

1. I am licensed to practice law in the State of New Jersey and I am admitted to practice before the United States Court, District of New Jersey. I am employed by the

State of New Jersey, Department of Law and Public Safety, as a Deputy Attorney General. I am assigned to the Tort Litigation and Judiciary Section of the Division of Law, which provides legal representation to the State of New Jersey, State agencies and State employees.

2. I make this certification in support of the motion of Defendants, Governor Christopher James Christie and Prosecutor John L. Molinelli, to set aside entry of default, and for a thirty-day extension of time within which Defendants, Governor Christopher James Christie and Prosecutor John L. Molinelli may answer, move or otherwise respond to the Complaint in this action.

3. On December 31, 2014, Plaintiff, Dennis Mazzetti, filed a Complaint in this Court alleging violations of 42 U.S.C. §§ 1983, 1985, 1986, a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq., and a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Complaint names Governor Christopher James Christie and Prosecutor John L. Molinelli as two of several defendants. (CM/ECF No. 1).

4. The undersigned filed a Clerk's Extension as to Judge Mizdol and Judge Foti on January 30, 2015. A motion to extend time to answer as to Judge Mizdol and Judge Foti was

filed on February 12, 2015. The motion is returnable Monday, March 16, 2015.

5. Based upon my investigation, it appeared that Defendants, Governor Christopher James Christie and Prosecutor John L. Molinelli had not been served. Unbeknownst to the undersigned, service had been previously effectuated.

6. On February 23, 2015, Plaintiff filed the summons returned as "executed" as to Prosecutor John L. Molinelli. The summons was served on January 13, 2015. An answer as to Molinelli was due on February 3, 2015. (CM/ECF No. 7).

7. On February 23, 2015, Plaintiff filed the summons returned as "executed" as to Governor Christopher James Christie. The summons was served on January 12, 2015. An answer as to Christie was due on February 2, 2015. (CM/ECF No. 9).

8. On the same date, Plaintiff requested entry of default as to Governor Christopher James Christie and Prosecutor John L. Molinelli. (CM/ECF Nos. 8, 10). Default was entered by the Clerk on February 24, 2015.

9. Governor Christopher James Christie and Prosecutor John L. Molinelli's failure to file an answer or otherwise respond before the expiration of the time specified on the docket is not due to any neglect on the part of these Defendants.

3

10. Defendants have valid immunities and defenses to raise against Plaintiff's Complaint, including 11th Amendment immunity from suit, Absolute Judicial Immunity, Absolute Prosecutorial Immunity, the Rooker-Feldman Doctrine and the Younger Abstention Doctrine.

11. It was the intention of the undersigned to file a response to Plaintiff's Complaint on behalf of all State Defendants once they had been served.

12. Accordingly, Governor Christopher James Christie and Prosecutor John L. Molinelli respectfully request that the entry of default be set aside, and a thirty-day extension of time within which Governor Christopher James Christie and Prosecutor John L. Molinelli may answer, move or otherwise respond to the Complaint be granted in this action.

13. The delay in filing a response in this case would in no way prejudice Plaintiff, but would provide a fair opportunity for Governor Christopher James Christie and Prosecutor John L. Molinelli to respond appropriately to the allegations in the Complaint.

14. On February 24, 2015, the undersigned spoke to Plaintiff's counsel to request consent to vacate default, and counsel indicated that he could not consent at that time, and would needed to discuss any further applications to the Court with his client.

15. Therefore, this motion follows.

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                              JOHN J. HOFFMAN
                              ACTING ATTORNEY GENERAL OF NEW JERSEY

                 By: /s/ *Kristen N. Collar*
                      Kristen N. Collar
                      Deputy Attorney General

DATED: February 27, 2015